IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSE ISMAEL RUIZ ZUNIGA, )
)
Petitioner, )
)
v. ) 1:15CV35
)
FRANK PERRY, )
)
)
Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a State prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed an Answer (Docket Entry 4), a Motion for Summary Judgment (Docket Entry 5), and a Brief in Support of the Motion for Summary Judgment (Docket Entry 6). Petitioner, in turn, filed a Response (Docket Entry 8), a Motion to Amend (Docket Entry 9), a Motion for the Appointment of Counsel (Docket Entry 12), and a Brief in support of the same (Docket Entry 13). Respondent filed a Response (Docket Entry 10) to Petitioner's Motion to Amend (Docket Entry 9) and, in turn, Petitioner filed a Reply (Docket Entry 11). This matter is now prepared for a ruling.

### Facts

On May 7, 2009, in Superior Court, Guilford County, Petitioner was convicted by a jury of trafficking cocaine by selling 28-200 grams; trafficking cocaine by selling 200-400 grams; and attempted trafficking by attempting to sell 400 grams or more of cocaine.

(Docket Entry 2, §§ 1-6; Docket Entry 6, Ex. 2 at 35-37.[1]) He was sentenced, respectively, to consecutive terms of 35-42 months, 70-84 months, and 64-86 months of imprisonment. (Docket Entry 2, §§ 1-6; Docket Entry 6, Ex. 2, at 40-45.) Petitioner filed an appeal and, on September 7, 2010, the North Carolina Court of Appeals found no error in his convictions or sentences, but did remand for a determination of whether there was a clerical error regarding a fine. *State v. Zuniga*, 206 N.C. App. 765 (2010) ("Although we find no error necessitating reversal or a new trial, counsel for defendant has brought to our attention a possible clerical error in the amount of the fine imposed in the judgment entered upon defendant's conviction for attempted trafficking in cocaine in file number 08 CRS 82362. . . . Other than the errors relating to the fine imposed in 08 CRS 82362, we have been unable to find any possible prejudicial error and conclude that the appeal is wholly frivolous.").

On February 29, 2012, Petitioner filed a motion for the preparation of a stenographic transcript in Superior Court, Guilford County (Docket Entry 6, Ex. 7), which was denied on December 10, 2012. (*Id.*, Ex. 9.) Also on February 29, 2012, Petitioner filed a Motion for Appropriate Relief ("MAR") in Superior Court, Guilford County. (*Id.*, Ex. 8.) The status of this MAR remains unclear.[2] Additionally, on June 27, 2013, Petitioner filed a petition for writ of certiorari with the Supreme Court of North Carolina (*id.*, Ex. 10), which was dismissed on August 27, 2013 (*id.*, Ex. 11). Petitioner dated the instant federal habeas petition on January 6, 2015 and filed it in this Court on January 9, 2015. (Docket Entry 2.)

---

[1] References to Exhibit 2 to Docket Entry 6 are to the PDF page number.

[2] *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## Petitioner's Claims

Petitioner contends: (1) he was denied his right to appeal; (2) he had a prior history of problems with law enforcement officers before the crimes, and counsel failed to investigate for mitigating evidence; (3) his Sixth Amendment confrontation right was violated and counsel provided ineffective assistance thereto, and all of Petitioner's *Miranda* rights were violated; and (4) counsel provided ineffective assistance by failing to investigate and present witnesses recommended by Petitioner. (*See id.* § 12.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed beyond the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). (Docket Entry 5.) In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period *begins to run from* the latest of several potential starting dates:
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added). The record does not reveal any basis for concluding that Subparagraphs (C) and (D) of § 2244(d)(1) apply here.

### *Subparagraph (A)*

Under Subparagraph (A), Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court must therefore ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction(s) ended. Here, Petitioner appealed his State court convictions and the North Carolina Court of Appeals found no error in his convictions or sentences on September 7, 2010.[3] *State v. Zuniga*, 206 N.C. App. 765 (2010). Petitioner did not pursue direct appeal further. His convictions thus became final on October 12, 2010, that is, thirty-five days after the September 7, 2010 opinion was issued from the Court of Appeals. *See* N.C. R.App. P. Rules 14(a) and 15(b) (15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or PDR in North Carolina Supreme Court) and Rule 32(b) (unless court orders otherwise, mandate issues 20 days after written opinion filed); *Saguilar v. Harkleroad*, 348 F. Supp. 2d 595, 598-601 (M.D.N.C. 2004) (Osteen, Sr., J. *adopting recommendation of* Eliason, M.J.), *appeal dismissed*, 145 F. App'x 444 (4th Cir. 2005). Petitioner's year to file thus began to run on October 12, 2010 and expired 365 days later on

---

[3] For this reason, even if Petitioner's claim that he was denied his right to appeal were not time-barred, it would clearly fail because, as explained, appellate counsel pursued an appeal on his behalf.

4

October 12, 2011. Petitioner's federal habeas Petition was filed, at the earliest, on January 6, 2015. (Docket Entry 2.) It is more than three years late.

It is true that Petitioner did make certain State collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Yet, Petitioner did not make any collateral filings in the State courts until February 29, 2012, when he requested a stenographic transcript and filed his MAR; yet, this was a number of months *after* his one year deadline on filing a federal habeas petition had expired on October 12, 2011.[4] State filings after this limitations period passes do not restart the filing period.[5] *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

---

[4] In his Reply, Petitioner asserts that he filed a federal habeas petition on February 24, 2012. (Docket Entry 11 at 2.) It is not clear what Petitioner is referencing here, if anything, because there is no evidence of this filing. In any event, the Court notes that if the instant Petition had been filed on February 24, 2012, it too would be time-barred for the reasons set forth herein. The Court notes further that Petitioner's filing with the North Carolina Court of Appeals also contained a set of § 2254 forms dated June 25, 2013. (Docket Entry 6, Ex. 10 at 6-14.) These forms are not date stamped as filed with this Court and the Court has no record of any such pleadings having been filed in this district prior to 2014. Petitioner did file two § 2254 proceedings in this district in 2014 and two more § 2254 proceedings in 2015, including this proceeding. All were dismissed without prejudice except this one, which is time-barred. (Case Nos. 14cv977; 14cv1064; 15cv35; 15cv293.) Although not entirely clear, Petitioner also apparently asserts that he sent an "appeal" to the Fourth Circuit Court of Appeals on November 3, 2014, which afforded him no relief but instead directed him back to this Court. (Docket Entry 12 at 3; *see also* Docket Entry 8 at 8.) Even assuming this were true, it would have no impact here, because—as explained above—Petitioner's claims were long since time-barred by November 3, 2014.

[5] Petitioner asserts in one pleading that he sought clemency with the Governor of the State of North Carolina on October 14, 2013 and that his request was denied or dismissed on October 21, 2014. (Docket Entry 8 at 8.) Again, any efforts here took place long after Petitioner's claims were time-barred and they do not restart the limitations period.

5

The Court notes too that the remand of the North Carolina Court of Appeals for the correction of a potential clerical error addressed, at most,[6] a ministerial act and was therefore insufficient to restart Petitioner's year limitation period. *See United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002) (concluding that "finality is not delayed [for purposes of one-year period of limitation] if an appellate court disposes of all counts in a judgment of conviction but remands for a ministerial purpose that could not result in a valid second appeal"); *United States v. Wilson*, 256 F.3d 217, 220 (4th Cir. 2001) (concluding that a remand to vacate one count of conviction, after affirming the remaining counts of conviction, failed to toll the statute of limitations); *see also Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993) ("A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, *unless* the remand is for a purely 'ministerial' purpose, involving no discretion, such as recomputing prejudgment interest according to a set formula." (emphasis added)).[7] Consequently, unless another Subparagraph of § 2244(d)(1) provides for a later date for the commencement of the limitation period, this Petition is untimely.

---

[6] This possible clerical error was identified by Petitioner's appellate counsel in an April 2, 2010 letter to the North Carolina Court of Appeals, pointing out that Petitioner's copy of the trial transcript stated the amount of the fine was $5,000 in case 08 CRS 82362 (attempted trafficking in cocaine), whereas the State's copy of the transcript said $25,000. (Docket Entry 6, Ex. 2 at 44-45; Ex. 5.) The June 13, 2010 letter from Petitioner's appellate counsel to the North Carolina Court of Appeals clarified, however, that counsel spoke with the court reporter who said the Petitioner's copy of the trial transcript mistakenly listed the amount of the fine in case 08 CRS 82362 as $5,000, and the State's copy of the trial transcript correctly listed the amount as $25,000. (Docket Entry 6, Ex. 6.)

[7] *Dodson* and *Wilson* concern Section 2255 proceedings, however, the interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

## *Subparagraph (B)*

With that in mind, the Court notes that Petitioner specifically invokes Subparagraph (B). Specifically, Petitioner contends that his Petition should proceed regardless of the one-year limitation because:

> For most petitioners the one year timeline will start with the end of the direct appeal of their case. However, if special circumstances exist the one year timeline will start afresh. [T]here are [three] circumstances that can extend[ ] the time you have to file your federal habeas petition 28 U.S.C. 2244(d)(1)(B) (2000) the unconstitutional or illegal impediment must be created by the state [sic] examples of unconstitutional impediments may include withholding of exculpatory evidence in violation of *Brady v. Mar[y]land*.

(Docket Entry 2, § 18; *see also* Docket Entry 8 at 8-9; Docket Entry 13 at 7.) Any attempt here to invoke Subparagraph (B) by asserting a *Brady* violation fails, however. This is because Petitioner's *Brady* allegation is fatally vague and conclusory.[8] *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). Petitioner does mention SBI reports in a separate pleading, in which he also alleges the manufacturing of evidence by the State; yet, Petitioner does not explain in any meaningful way how any of this, assuming it is true and was either withheld or manufactured by the State, was an impediment to the timely

---

[8] Petitioner's handwriting is difficult to read at times and so it is unclear whether he is invoking Subparagraph (B) or (D) here. The Court presumes Petitioner is referencing Subparagraph (B), because Petitioner speaks of State created impediments. However, the Court notes that any effort to raise this argument under Subparagraph (D) would fail for the reasons set forth above, and because it appears from Petitioner's pleadings that he would have been—or at least should have been—aware of the factual predicate for his claims no later than the time of trial.

7

filing of his Petition.[9] (Docket Entry 8 at 8-9.) Petitioner's pleadings demonstrate that the alleged State wrongdoing was known—or should have been known—by Petitioner no later than the time of trial, and so the conduct alleged would not have impeded Petitioner's timely filing of a federal habeas petition. Petitioner's argument here is simply too vague and conclusory to meaningfully invoke Subparagraph (B).

Petitioner may also be contending that his Petition should proceed regardless of the one-year limitation period because his claims have merit. However, the potential merits of a claim generally do not affect the timeliness analysis. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003). Simply put, there is no merits based exception to the one-year limitation period—though there is an actual innocence exception, addressed below.

### *Equitable Tolling*

The doctrine of equitable tolling applies to the time bar set forth in § 2244. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling may excuse an otherwise untimely filing when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Nothing on the record suggests that Petitioner meets either prong here, however.

First, to the extent Petitioner asserts he is ignorant of the law, the Court notes that ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Second, insofar as Petitioner contends that he has language-based issues that prevented the timely filing of his federal habeas Petition (Docket Entry 11 at 2), the

---

[9] Petitioner also claims that he has a state bar letter that supports his claim, though he has not provided this letter to the Court. (Docket Entry 8 at 8-9.)

8

Court notes that purported language-related difficulties are also generally insufficient to warrant equitable tolling, especially where, as here, Petitioner has filed timely pleadings in English. (*See, e.g.,* Docket Entry 8.) *See, e.g., Gutierrez v. Harkleroad,* No. 1:11CV162, 2011 WL 4023869, *4-6 (M.D.N.C. Sept. 9, 2011) (concluding that the petitioner's claim that he could not speak English and needed assistance in having documents translated did not warrant equitable tolling) (collecting cases).

Third, Petitioner also appears to be contending that North Carolina Prisoner Legal Services ("NCPLS") prevented him from complying with the statutory deadline.[10] (Docket Entry 12, at 2.) However, his claim is too vague and conclusory to warrant equitable tolling. *See Nickerson,* 971 F.2d at 1136; *see, e.g., Smith v. Virginia,* No. 3:12CV148, 2013 WL 871519, at *4 (E.D.Va. Mar. 8, 2013) ("[C]onclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling."), *appeal dismissed,* Nos. 13–6890, 13–6962 (4th Cir. Aug. 27, 2013); *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012). That NCPLS declines to represent some inmates does not deny prisoners meaningful access to the courts. *See Wrenn v. Freeman,* 894 F. Supp. 244, 247-250 (E.D.N.C. 1995) (concluding that the NCPLS plan for providing legal assistance to inmates adequately protects constitutional right of access). NCPLS attorneys are not required to take every prisoner action brought by inmates and may use their professional judgment when determining whether or not to provide representation in a matter. *Salters v. Butler,* No. 5:06-CT-3073-H, 2006 WL 4691237,

---

[10] To the extent Petitioner intended to raise this issue in relation to Subparagraph (B), it fails for the same reasons described above. Additionally, if Petitioner is contending that he is entitled to counsel, or that his Petition was late because he could not find counsel, the Court notes that there is no right to counsel in post-conviciton proceedings. (Docket Entry 12 at 2.) *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (finding no right to counsel on collateral review of a conviction).

9

\* 1 (E.D.N.C. Oct. 19, 2006), *aff'd* 214 F. App'x 267 (4th Cir. Jan. 24, 2007). Moreover, this Court has routinely rejected conclusory assertions that a lengthy NCPLS review process caused a petitioner to miss the deadline. *See, e.g., Paniagua v. Dail*, No. 1:12CV1253, 2013 WL 4764586, \*4 n.6. (M.D.N.C. Sept. 4, 2013).

Fourth, if Petitioner is asserting that he is entitled to equitable tolling because of the State's denial of his motion for transcripts, or the State's failure to provide him transcripts in a more timely manner, (Docket Entry 12 at 3), that argument also fails.[11] *See e.g., Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002) (failure to provide transcripts does not warrant equitable tolling); *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001) (postconviction motion seeking to obtain materials which might help develop claim, does not toll).

Last, the Court notes that in *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court recognized an actual innocence exception to the limitations statute. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995); *see McQuiggin*, 133 S. Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Here, at most, Petitioner has done nothing more than assert in a conclusory manner that he is actually innocent of the crimes for which he was convicted. (*See, e.g.*, Docket Entry 2, § 6.) This is insufficient to avoid or toll the limitation period.

---

[11] To the extent Petitioner intended to raise this issue in relation to Subparagraph (B), it fails for the same reasons described above.

In summary, Petitioner's statute of limitation began to run on October 12, 2010 and expired one year later on October 12, 2011 and neither his State, nor his federal, post-conviction filings render the instant Petition (Docket Entry 2) timely. Petitioner did not submit the instant Petition until, at the earliest, January 6, 2015; which is over three years after the expiration of the federal habeas deadline. It is therefore untimely and should be dismissed. In the end, Petitioner is not entitled to statutory or equitable tolling, his Petition was filed out of time, and Respondent's Motion should be granted. An evidentiary hearing in this matter is not warranted.

## Motion to Amend

Petitioner has filed a second set of § 2254 forms, which has been docketed as a motion to amend. (Docket Entry 9.) Petitioner proposes four claims. The first is that he was provided ineffective assistance of counsel because trial counsel did not have enough time to prepare for trial, was ineffective in gathering pre-trial discovery, and was not properly prepared for trial. (*Id.*, § 12, Ground One.) The second is that there was a *Brady* violation because two confidential informants were not present at trial. (*Id.*, Ground Two.) While not entirely clear, Petitioner may also be claiming that documentation related to these two confidential informants was withheld. (*Id.*) Petitioner's third proposed claim is that he was denied his right to "present evidence or documents for his defence." (*Id.*, Ground Three.) This evidence purportedly relates to Petitioner's prior difficulties with law enforcement. (*Id.*) Petitioner's last proposed claim is that his convictions were "obtained by the violation of the protection against double jeopardy." (*Id.*, Ground Four.)

11

Federal Rule of Civil Procedure 15 governs a motion to amend in a habeas case. Because Petitioner filed his motion to amend far more than 21 days after the service of his Petition or the filing of a responsive pleading, he may amend only with leave of Court or the consent of Respondent. *See* Fed.R.Civ.P. 15(a). Respondent has not consented to the amendment. (Docket Entry 10.) As for leave of the Court, "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

Permitting Petitioner to amend as proposed here would be a futile gesture, because his proposed amendments are time-barred. As noted, Petitioner's original § 2254 Petition (Docket Entry 2) is untimely and equitable tolling does not apply. Likewise, the proposed amended § 2254 Petition (Docket Entry 9) is also untimely—it was filed roughly three months after the first Petition, which itself was more than three-years time-barred—and does not implicate Subparagraphs (B)-(D) of § 2244(d)(1) or warrant any form of tolling, equitable or otherwise. Little more need be said about these proposed amended claims, except perhaps to note that Petitioner's second proposed Petition—like his initial Petition—does again assert that the State prosecution withheld *Brady* evidence. (Docket Entry 9, ¶ 12, Ground Two.) Again, however, Petitioner has failed to set forth facts that would permit a later starting date under § 2244(d)(1)(B)-(D) or permit his claims (old or new) to proceed under the doctrine of equitable tolling. *See Nickerson*, 971 F.2d at 1136. The pleadings also indicate that Petitioner would have been—or should have been—well aware of the factual predicates for all his claims no later than the time of trial. The Motion to Amend should be denied as futile because, were the amended claims permitted, they would immediately be

12

dismissed as time-barred. *See, e.g., Everette v. Lewis*, No. 5:10–HC–2034–D, 2011 WL 683922 (E.D.N.C. Feb.17, 2011).

### Motion for the Appointment of Counsel

Petitioner also requests the appointment of counsel. (Docket Entry 12.) However, the matters cited by Petitioner in his pleadings reflect conditions faced by virtually all prisoner litigants and thus, by definition, do not qualify as circumstances of the sort that warrant appointment of counsel. Nor is it apparent that Petitioner either has a colorable claim or lacks the ability to present any such claim. Petitioner has not demonstrated good cause for the appointment of counsel, nor has he shown that justice requires the appointment of counsel. The request is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for the Appointment of Counsel (Docket Entry 12) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Amend (Docket Entry 9) be denied as futile.

**IT IS THEREFORE FURTHER RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

August 13, 2015

Joe L. Webster
United States Magistrate Judge